IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

CARL MORRIS,

                Defendant.

ORDER

14-cr-29-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Carl Morris is to be resentenced on March 26, 2015.  At sentencing, I intend to impose the following pretrial release conditions on him.  If counsel believe that any of the conditions are inappropriate, they may raise their objections at sentencing.

CONDITIONS OF RELEASE

      1.  Defendant is not to leave the judicial district without the prior permission of the court or probation officer.  This condition will help the probation officer monitor defendant's whereabouts and his compliance with all of the conditions imposed on him.

      2. Defendant is to report to the probation officer as directed by the court or probation officer and shall (1) submit a complete written report within the first five days of each month; (2) answer inquiries by the probation officer; and (3) follow the officer's instructions. The monthly report and the answers to inquiries shall be truthful in all respects. Defendant

may be required to truthfully answer non-incriminating inquiries, such as those relevant to his supervision status or treatment or those that relate to a crime for which he has already been convicted. Revocation proceedings can be initiated for failure to answer non-incriminating questions. Like the first condition, this condition will help the probation officer monitor defendant's location, conduct and compliance with the conditions of his release.

      3. Defendant shall notify the probation officer within 72 hours of any change in his residence or employment. Again, it is necessary for the probation officer to know where defendant is living and what his work situation is so as to monitor defendant's whereabouts and compliance with conditions of release.

      4. Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. This condition is intended to alert the probation officer to any problems with the law that defendant is experiencing and to help protect defendant's safety and the safety of the community.

      5. Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other good reason. Research shows that stable employment encourages compliance with the law.

      6. Defendant shall not spend time with any persons he knows to be engaged in criminal activity or with any person he knows has been convicted of a felony unless he has been granted permission to do so by the probation officer. This condition is intended to protect defendant and the community by heading off potential criminal activity by

defendant; at the same time he is not barred from spending time with family members who are felons so long as he obtains permission.

7. Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.  This condition is intended to protect defendant's safety.

8. Defendant is to notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, if directed to do so by the probation officer, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with this notification requirement.  This condition is justified for the protection of the public.

9. Defendant is to provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns, including information bearing on any requirement for defendant to file tax returns.  This monitoring condition to help the probation officer detect a return to drug distribution.

10. Defendant is to abstain from the use of alcohol and illegal drugs and shall not frequent places where he has reason to believe controlled substances are illegally sold, distributed or administrated.  He shall submit to drug testing within 15 days of release from imprisonment and 60 drug tests annually thereafter.  The probation office may use the Administrative Office of the United States Courts' phased collection process. This condition will enable the probation officer to monitor defendant's use of alcohol and controlled substances and it will protect the public.

11. Defendant is to permit a probation officer to visit him at any reasonable time at home or elsewhere and shall permit confiscation of any contraband the officer observes in plain sight. In addition, he shall submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn other residents that the premises he is occupying may be subject to searches pursuant to this condition. This condition is imposed to protect the public from further criminal activity engaged in by defendant.

12. Defendant is to participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider. This condition is a response to defendant's self-reported mental health problems concerns and his mental health assessment.

Entered this 17th day of March, 2015.

                          BY THE COURT:
                          /s/
                          BARBARA B. CRABB
                          District Judge